Judge LANSING,
Concurring.
I join in the foregoing opinion, but I write separately to express my view that in the vast majority of cases, the question whether the driver of a rental car had direct permission to use the car from the lessee or from a contractually authorized driver will be dis-positive of the standing question. The existence of such permission should ordinarily be sufficient to confer a privacy interest upon the driver if and to the same extent that the lessee possesses such a privacy interest. Only in extraordinary circumstances would I hold that a driver who did not obtain permission from the lessee or other authorized driver could have a legitimate expectation of privacy in the vehicle. My initial impulse in this case was to adopt the position taken by the Eighth and Ninth Circuits which, as explained in this Court’s opinion above, hold that the permission factor is entirely dispositive. Nevertheless, I join in this Court’s opinion adopting a totality of the circumstances approach to avoid excluding the possible, rare circumstance where a legitimate privacy interest may arise even in the absence of direct permission from the lessee or other authorized driver. In that circumstance, however, the driver will bear a heavy burden to demonstrate the existence of other factors that would give him or her a reasonable expectation of privacy in the vehicle.